# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDMUNDO ESPARZA<br><br>Plaintiff,<br><br>v.<br><br>HURRICANE, INC.<br><br>Defendant. | C.A. No.: 18cv12097<br><br><br>REMOVED FROM MIDDLESEX SUPERIOR COURT<br>State Court Case No. 1881CV02512 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, the Defendant, Hurricane, Inc. ("the Defendant"), by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, and with full reservation of all defenses, hereby removes this case from the Superior Court for the County of Middlesex, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts. In support thereof, Hurricane states as follows:

1. The Plaintiff, Edmundo Esparza ("the Plaintiff"), filed this products liability action in the Middlesex County Superior Court, Commonwealth of Massachusetts (the "State Court") on or about August 31, 2018, styled *Edmundo Esparza v. Hurricane, Inc.*, Civil Action 1881cv02512 (the "Subject Action"). A true copy of all documents (including Summons and Complaint) served upon / mailed to Hurricane are attached to the Index of Attachments as Exhibit A.

2. According to Plaintiff's Complaint, the Plaintiff is an individual residing in Hudson Massachusetts. (See Complaint ¶ 1, Exhibit A.)

3. The Defendant is a corporation with a principal place of business in Michigan. (See Complaint ¶ 2, Exhibit A.)

4. Defendant received a copy of the Summons and Complaint on September 10, 2018.

1317672v.2

5.  The Plaintiff brings this action against the Defendant for negligence and breach of warranty with respect to injuries the Plaintiff allegedly sustained on or about November 26, 2016 from a product that was allegedly designed, manufactured, sold, distributed and/or leased by the Defendant. See Complaint, Exhibit A.

6.  The Plaintiff alleges approximately $117,960.47 in damages as a result of the subject accident including over $37,000 in alleged medical expenses and over $80,000 in alleged lost wages. See Civil Action Cover Sheet, Exhibit B. Accordingly, the amount in controversy requirement is satisfied in this matter.

7.  This Court has original jurisdiction over the subject matter of this action under the provisions of Sections 1332 and 1441 of Title 28 U.S.C., in that there is complete diversity between the plaintiff and the defendant, the only parties to this action, and more than $75,000.00 in controversy, exclusive of interest and costs. Specifically, the plaintiff and defendant are citizens of different states: plaintiff is a citizen of Massachusetts while defendant is a citizen of Michigan. Pursuant to §1332 and §1441 of Title 28 U.S.C., the Defendant, who is not a citizen of the Commonwealth of Massachusetts, is entitled to remove the action to this Court.

8.  This removal is timely as required by 28 U.S.C. §1446(b) as it is filed within 30 days of the Defendant's receipt of the Plaintiff's Complaint and Summons. Additionally, pursuant to 28 U.S.C. §1446(c), this Notice of Removal is timely because it is filed within one year of commencement of the state action.

9.  Pursuant to 28 U.S.C. § 1446(a), Hurricane has attached a copy of the process, pleadings and documents as required by Section 1446(a). Hurricane will file a certified copy of all pleadings and documents currently on file in Middlesex Superior Court within the time frame provided by the rules.

10. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being filed on this date with the Clerk of the Court for the Superior Court of the Commonwealth of Massachusetts, County of Middlesex, the state court in which the action is currently pending. In addition, Hurricane will serve on this day a copy of the Notice on plaintiff, via counsel, the only other party to the removed action.

11. The Superior Court for the County of Middlesex, Commonwealth of Massachusetts, is located within the District of Massachusetts. 28 U.S.C. § 101. Thus, venue is proper in this Court as it is the district "embracing the place where such action is pending." 28 U.S.C. §1441(a).

12. Based on the foregoing, Defendant Hurricane, Inc. hereby removes the action now pending in the Superior Court of the Commonwealth of Massachusetts, County of Middlesex, to this Court.

WHEREFORE, the Defendant, Hurricane, Inc., hereby removes this Action from the State Court and demands a jury trial.

        Respectfully submitted,

        The Defendant,
        HURRICANE, INC.
        By Its Attorneys,

        __/s/ Jason W. Canne__
        Christine A. Knipper, BBO#652638
        Christine.Knipper@wilsonelser.com
        Jason W. Canne, BBO#688275
        Jason.Canne@wilsonelser.com
        WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP
        260 Franklin Street, 14th Floor
        Boston, MA 02110-3112
        (617) 422-5300

Dated: October 5, 2018

1317672v.2

**CERTIFICATE OF SERVICE**

      I hereby certify under penalty of perjury that on October 5, 2018, the foregoing was **filed electronically** with the United States District Court for the District of Massachusetts and served by mail upon the following:

Paul Leavis, Esq.
Deborah Santello, Esq.
Leavis and Rest, P.C.
83 Central Street
Boston, mA 02109

                                                  */s/ Jason W. Canne*
                                                Jason W. Canne